ENTERED
03/05/2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ALPER T. KARAALI, | ) | CASE NO. 12-31228-H3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on "Petroleum Wholesale, LP and Sun Development, LP's Expedited Amended Motion for Relief from the Automatic Stay" (Docket No. 16). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Alper T. Karaali ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 14, 2012.

During 2002, Debtor, individually, and as president and the sole director of Tien Shan, Inc. ("Tien Shan"),[1] executed several documents in connection with the acquisition by Debtor and/or Tien Shan of a gasoline station and convenience store (the

---

[1] Tien Shan is the Debtor in Case No. 11-37546-H3-11.

"Station") located in Houston, Texas.  Debtor and Tien Shan executed a note payable to Craig C. Stavinoha, Inc. and Craig C. Stavinoha (collectively, "Stavinoha"), in the original principal amount of $1,495,000.  (PW Exhibit 2).  Debtor and Tien Shan executed a deed of trust and security agreement as to the Station.  (PW Exhibit 3).

During 2004, Stavinoha assigned its interest in the note and deed of trust to Sun Development, L.P.[2]  (PW Exhibits 4, 5).

During 2001, prior to acquisition of the Station by Debtor and Tien Shan, Stavinoha executed a Fuel Marketing Location Agreement ("FMLA") providing, inter alia, that PW would supply fuel to the Station for a period of 20 years, renewable by PW for an additional 20 years.  (PW Exhibit 1).

When Debtor and Tien Shan purchased the Station, the Station was branded as a Mobil station.  Paul Klammer, an employee of Exxon Mobil, testified that PW is the exclusive supplier of gasoline to Mobil branded stations in Harris County.

During 2010, a dispute arose between Debtor, Tien Shan, and PW, regarding the implementation of the FMLA.  Daniel Miller, an employee of PW, testified that Tien Shan was operating a used

---

[2] At the hearing on PW's motion for relief from stay in the Tien Shan case, Daniel Miller testified that Sun Development is an entity affiliated with Petroleum Wholesale, L.P. ("PW").  See Docket No. 88, Case No. 11-37546-H3-11.

car lot on the premises, in violation of the FMLA, that the Station was missing a canopy that was damaged by Hurricane Ike in 2008, that the Station's fuel sales had declined by 94 percent, and that Debtor had put up signs advertising that Exxon Mobil had cheated customers for ten years.  PW determined to "debrand" the station.  PW filed suit, in the 215th Judicial District Court of Harris County, Texas, and, on July 28, 2011, that court entered a temporary restraining order enjoining Debtor and Tien Shan from interfering with PW's removal of Mobil identification and imaging components from the Station.  (PW Exhibit 12).

During August, 2011, PW gave notice to Tien Shan of a foreclosure of the Station, to take place on September 6, 2011.  On September 2, 2011, Tien Shan filed a voluntary petition under Chapter 11 of the Bankruptcy Code, in Case No. 11-37546-H3-11.

In Tien Shan's Chapter 11 case, PW filed a motion for relief from stay on October 14, 2011.  The court takes judicial notice of its Memorandum Opinion on PW's motion for relief from stay in the Tien Shan case.  At the hearing on PW's motion for relief from stay in the Tien Shan case, Miller testified that the outstanding principal balance on the note signed by Tien Shan and Debtor (PW Exhibit 2), as of December, 2011, was approximately $1.4 million.  The court found that the value of the Station was $1 million.  He testified that the monthly payment on the note was $11,350.47.  (Docket No. 88, Case No. 11-37546-H3-11).

At the hearing on PW's motion for relief from stay in the Tien Shan case, documentary evidence established that a used car business (which keeps cars on the premises of the Station, in what PW asserts is contravention of the FMLA) pays Tien Shan $4,000 per month in rent, and a restaurant pays Tien Shan $1,200 per month in rent.  (Docket No. 88, Case No. 11-37546-H3-11).

In the Tien Shan case, Tien Shan filed a plan of reorganization which called for the plan to be funded by a loan from American First National Bank, conditioned on termination of the FMLA.  In the instant case, Debtor admitted that any effort to reorganize is based on approval of a transaction on terms similar to those proposed in the Tien Shan case.

After the evidence was closed, but before this court ruled on PW's motion for relief from stay in the Tien Shan case, Tien Shan moved to dismiss its case, seeking that such dismissal be without prejudice.  In Tien Shan's motion to dismiss its own Chapter 11 case, it pled:  "Debtor believes there is cause to dismiss (without prejudice) this case because at the present time, and under the current circumstances, Debtor's authorized representative, Alper T. Karaali, believes that the Debtor and its creditors' interests may be better served outside the context of bankruptcy reorganization."  (Docket No. 85, Case No. 11-37546-H3-11).

4

On January 12, 2012, this court granted PW's motion for relief from stay in the Tien Shan case.

In the motion for relief from stay in the instant case, PW asserts that it posted the property for foreclosure in February, 2012, but agreed to postpone the sale to March, 2012, in order to allow the parties to participate in a February 17, 2012 hearing in state court on a temporary injunction. On February 14, 2012, three days before the hearing scheduled in state court, Debtor filed the petition in the above captioned Chapter 11 case.

In the instant motion, PW seeks relief from stay, in order to conduct a foreclosure sale of the property.

On March 4, 2012, one day before the hearing on the instant motion, Debtor filed a motion to approve the assignment of the used car lot and restaurant leases from Tien Shan to Debtor.

Debtor testified that the proposed assignment of leases from Tien Shan to Debtor is not supported by consideration.

Debtor testified that he believes PW can be adequately protected. He testified that the Station is not currently selling gasoline. He testified that he has three "jobbers" ready to provide gasoline for the station, if FMLA terms could be agreed on, and that it could be made ready to sell gasoline in two weeks, at a cost of approximately $35,000 to $45,000. He did

not testify that he has the funds available to make the station ready to sell gasoline.

Debtor made no immediate offer of adequate protection payments.  He testified that he is able to make a payment of $2,625 to PW within 10 days.  He testified that, within 45 days, he believes he could make further payment.

Debtor testified that Tien Shan has not made a profit during the time it has been a Chapter 11 Debtor, and has not generated sufficient funds to pay the administrative expenses of its Chapter 11 case.

Debtor admitted that, during the Tien Shan case, he (as the person in control of Tien Shan) failed to segregate and pay to PW its cash collateral.

## Conclusions of Law

Section 362(d)(1) of the Bankruptcy Code provides for lifting of stay for cause, including the lack of adequate protection.  11 U.S.C. § 362(d)(1).  Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

Section 362(d)(2) provides for lifting of the stay if the debtor does not have an equity in the property, and the property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

"Equity" as used in Section 362(d)(2) means the difference between the value of the subject property and the encumbrances against it.  <u>Matter of Sutton</u>, 904 F.2d 327 (5th Cir. 1990).

The question of whether a property is necessary to an effective reorganization depends, in the first instance, on whether the debtor can show a reasonable prospect for a successful reorganization within a reasonable time.  The debtor must do more than manifest unsubstantiated hopes for a successful reorganization.  <u>In re Canal Place L.P.</u>, 921 F.2d 569 (5th Cir. 1991).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property.  The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

In the instant case, Debtor has not met his burden of proof on the issue of adequate protection.  Debtor, an individual, proposes that an offer to make payments from proceeds of a car lot lease contract to which Tien Shan, not himself as an individual, is owed rent, constitutes adequate protection. Moreover, he has not indicated any source of the funds necessary to prepare the Station to sell gasoline, and has not shown that such operations would generate sufficient cash flow to enable

adequate protection of PW's interest.  Debtor's testimony is not credible; it reflects continued unsubstantiated hopes about the prospects of his business, without sufficient attention to the costs of doing business, the contractual terms on which business can be done, and the separate corporate form of Tien Shan.  He has not shown an ability or willingness to adequately protect PW's interest or to complete an effective reorganization.  The court concludes that the stay should lift.

      Based on the foregoing, a separate Judgment will be entered granting "Petroleum Wholesale, LP and Sun Development, LP's Expedited Amended Motion for Relief from the Automatic Stay" (Docket No. 16).

      Signed at Houston, Texas on March 5, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE